BRODSKY MICKLOW BULL & WEISS, LLP
Philip E. Weiss, Esq. (No. 152523)
Edward M. Bull III, (No. 141996)
2540 Shelter Island Drive, Suite P
San Diego, California 92106
Telephone: (619) 225-8884
Facsimile: (619) 225-8801

Attorneys for Plaintiff
Anacapa Boatyard, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANACAPA BOATYARD, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>S/V CHAPERON, U.S.C.G. Official No. 1069675, A 45-FOOT SAILING VESSEL, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*;<br><br>Defendant. | Case No. 2:21-CV-00943<br><br>IN ADMIRALTY<br><br>VERIFIED COMPLAINT OF PLAINTIFF ANACAPA BOATYARD, LLC FOR VESSEL ARREST, INTERLOCUTORY SALE AND FOR MONEY DAMAGES FOR BREACH OF MARITIME CONTRACT, VESSEL TRESPASS, AND *QUANTUM MERUIT*<br><br>Supplemental Admiralty Rules C and E |

Plaintiff alleges:

## JURISDICTION

1.    This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1), 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, embodied at 46 U.S.C. sections 31301, *et seq*. This action is a maritime and admiralty claim within the provisions of Rule 9(h) of the Federal Rules of Civil Procedure, and within the Supplemental Rules for Certain Admiralty and Maritime Claims and of this Honorable Court.  Plaintiff ANACAPA BOATYARD, LLC (hereinafter "PLAINTIFF") brings this action on its own behalf

///

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE
AND FOR MONEY DAMAGES FOR BREACH OF CONTRACT, TRESPASS, ETC.

1
Case No. 2:21-CV-00943

1 and on behalf of all parties who were, are or may become interested in all or part of the property

2 which is the subject of this litigation, as their interests may appear.

3                                    **PARTIES**

4       2.    PLAINTIFF is and was at all times material herein a California Limited Liability

5 Company in good standing and existing by virtue of the laws of the State of California.

6 PLAINTIFF operates a boatyard located at 3203 South Victoria Avenue, Oxnard, California.

7 As more fully appearing below, pursuant to an oral contract between PLAINTIFF and Steven

8 Schleder, the owner of Defendant S/V CHAPERON (the "DEFENDANT VESSEL"),

9 PLAINTIFF provided storage services for the benefits of Mr. Schleder and the DEFENDANT

10 VESSEL at the agreed rate of $1,600.00 per month.  Such services constitute "necessaries" for

11 purposes of the Commercial Instruments and Maritime Lien Act (46 U.S.C. 31301, *et seq.*).

12 Despite repeated requests for payment for such services, Mr. Schleder has not tendered payment

13 for the period between April, 2019 to date.

14      3.    United States Coast Guard records reflect that the DEFENDANT VESSEL is a 1998

15 45-foot sailing vessel with a beam of 13-feet and a draft of 4-feet. The DEFENDANT VESSEL

16 is now and will during the pendency of this action be within the geographical area of coverage

17 of the United States District Court for the Central District of California, and hence within the

18 admiralty jurisdiction of this Honorable Court.

19                              **FIRST CAUSE OF ACTION**

20                      **(Breach of Maritime Contract for Necessaries)**

21      4.    PLAINTIFF refers to Paragraphs 1 through 3, inclusive, of this Verified Complaint

22 and incorporates them as though fully set forth here.

23      5.    PLAINTIFF and the owner of the DEFENDANT VESSEL, Steve Schleder, entered

24 into an oral contract pursuant to which PLAINTIFF provided on-land storage for the

25 DEFENDANT VESSEL at its boatyard, at the agreed rate of $1,600.00 per month.

26      6.    Initially, Steve Schleder, paid for the above described storage services, at the

27 agreed rate, but beginning in April, 2019 and continuing to date, he has failed, despite repeated

28 ///

1   written and oral requests and demands, to pay all or any part of the arrearages that have accrued

2   since April, 2019.

3        7.     On account of the above described failure to pay for storage services for the 21

4   month period between April, 2019 and January, 2021, the account for the DEFENDANT

5   VESSEL stands in arrears in an amount of not less than $33,600.00.

6        8.     The above described storage services for the DEFENDANT VESSEL constitute

7   "necessaries" for purposes of the Commercial Instruments and Maritime Lien Act (46 U.S.C.

8   section 31301, *et seq.*).

9        9.     PLAINTIFF has fully satisfied all obligations required of it as a maritime vessel

10   storage service provider.

11       10.     By reason of the foregoing, PLAINTIFF has been damaged in a sum of not less

12   than $33,600.00, plus prejudgment interest and costs of suit, no part of which has been paid by

13   the DEFENDANT VESSEL or anyone else.

14                **SECOND CAUSE OF ACTION**

15                       **(Trespass)**

16       11.     PLAINTIFF refers to Paragraphs 1 through 3 and 5 through 10 inclusive of this

17   Complaint and incorporates them as though fully set forth herein.

18       12.     On November 12, 2020 PLAINTIFF's attorney sent the owner of the DEFENDANT

19   VESSEL, Mr. Schleder, an email in which demand was made that he pay the arrearages due

20   PLAINTIFF for the storage of the DEFENDANT VESSEL, and that he remove her from

21   PLAINTIFF's premises within seven calendar days, that is, no later than November 19, 2020.

22       13.     Mr. Schleder subsequently informed PLAINTIFF's counsel in a phone conversation

23   that he (Mr. Schleder) was unable to pay any or all of the arrearages, and was unable to remove the

24   DEFENDANT VESSEL from PLAINTIFF's premises due to financial constraints preventing him

25   from securing accommodations for the DEFENDANT VESSEL elsewhere, and because in her

26   current condition the DEFENDANT VESSEL would sink if launched into the water.

27   ///

28   ///

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE                    3
AND FOR MONEY DAMAGES FOR BREACH OF CONTRACT, TRESPASS, ETC.       Case No. 2:21-CV-00943

14.     The DEFENDANT VESSEL was not removed from PLAINTIFF's premises and she remains there without contractual, statutory or other authority, and hence in the capacity of a trespasser.

15.     The DEFENDANT VESSEL, by and through her purported, apparent and ostensible owner, has intruded onto and continues to intrude onto PLAINTIFF's premises, thereby invading and interfering with PLAINTIFF's interest in the use, profits and enjoyment of its boatyard.

16.     By reason of the foregoing, PLAINTIFF has been damaged in an amount according to proof.

### THIRD CAUSE OF ACTION

#### (*Quantum Meruit*)

17.     PLAINTIFF refers to Paragraphs 1 through 3, 5 through 10, and 12 through 15 inclusive of this Verified Complaint and incorporates them as though fully set forth here.

18.     To avoid unjust enrichment that would otherwise improperly inure to the benefit of the DEFENDANT VESSEL and her owner, PLAINTIFF is entitled to recover damages from the DEFENDANT VESSEL for valuable services provided for their benefit, in a sum of not less than $33,600.00, calculated through January, 2021.

**WHEREFORE**, PLAINTIFF prays:

1.     That process in due form of law pursuant to this Court's Admiralty and Maritime Jurisdiction issue *in rem* against the DEFENDANT VESSEL, her rigging, tackle, apparel, furniture, engines, bunkers, and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest in the DEFENDANT VESSEL be cited to appear and answer this Verified *in rem* Complaint;

2.     That PLAINTIFF's maritime liens be declared to be valid and subsisting in an amount of not less than $33,600.00 (calculated through January, 2021), plus accrued interest and recoverable costs of suit, and that such liens be declared prior and superior to the interest, maritime and non-maritime liens or claims of any and all persons, firms or corporations whatsoever;

///

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE
AND FOR MONEY DAMAGES FOR BREACH OF CONTRACT, TRESPASS, ETC.

4

Case No. 2:21-CV-00943

1    3.    That judgment be entered against the DEFENDANT VESSEL in a sum not less

2    than $33,600.00 (calculated through January, 2021), together with interest thereon, and costs of

3    suit herein, and together with all other amounts which have been or are required to be disbursed

4    by PLAINTIFF for the care, insuring, preservation, and storage of DEFENDANT VESSEL, and

5    all other advances, expenses, fees, costs and disbursements by PLAINTIFF, together with post-

6    judgment interest at the maximum statutory rate;

7    4.    That DEFENDANT VESSEL, her rigging, tackle, apparel, furniture, engines,

8    bunkers, and all other necessaries thereunto appertaining and belonging be condemned and sold

9    to pay the demands and claims of PLAINTIFF, with interest and costs, and that PLAINTIFF be

10   permitted to credit bid at any sale of the DEFENDANT VESSEL any amounts adjudged to be

11   owing to PLAINTIFF;

12   5.    That, in the event a bond or other acceptable security is posted with the Registry

13   of the Court to effect the release of the DEFENDANT VESSEL, as permitted by the

14   Supplemental Admiralty Rules (F.R.C.P.), an Order issue requiring her immediately upon release

15   by the U.S. Marshal to be removed from PLAINTIFF's boatyard;

16   6.    That it be decreed that any and all persons, firms or corporations claiming any

17   interest in the DEFENDANT VESSEL are forever barred and foreclosed of and from all

18   right or equity of redemption or claim of, in, or to the DEFENDANT VESSEL and every part

19   thereof;

20   7.    That PLAINTIFF have such other and further relief in justice it may be entitled

21   to receive.

22   Dated: January 29, 2021          Respectfully submitted,

23                                     BRODSKY MICKLOW BULL & WEISS, LLP

24

25                                     _____s/Philip E. Weiss_____
                                       Attorney for Plaintiff
26                                     E-mail: shiplaw@earthlink.net

27

28

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE                                    5
AND FOR MONEY DAMAGES FOR BREACH OF CONTRACT, TRESPASS, ETC.            Case No. 2:21-CV-00943

**VERIFICATION**

I, Michelle Volaski, declare under penalty of perjury under the laws of the United States and the State of California as follows:

1.    I, the undersigned, am a Manager of the PLAINTIFF in this action, ANACAPA BOATYARD, LLC.  I certify I have read the foregoing Verified Complaint and know its contents.

2.    The matters stated in the Verified Complaint are true of my own knowledge and belief except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

Executed this ___ day of January, 2021 at Oxnard, California.


_____
Michelle Volaski
For Anacapa Boatyard, LLC

## VERIFICATION

I, Michelle Volaski, declare under penalty of perjury under the laws of the United States and the State of California as follows:

1.   I, the undersigned, am a Manager of the PLAINTIFF in this action, ANACAPA BOATYARD, LLC. I certify I have read the foregoing Verified Complaint and know its contents.

2.   The matters stated in the Verified Complaint are true of my own knowledge and belief except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

Executed this 27 day of January, 2021 at Oxnard, California.

Michelle Volaski
For Anacapa Boatyard, LLC